# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RASHAAN O. REED,

        Petitioner,    :    Case No. 3:20-cv-170

  - vs -                      District Judge Walter H. Rice
                              Magistrate Judge Michael R. Merz

JAMES HAVILAND, Warden,
  Allen/Oakwood Correctional Institution,

                              :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 7) to the Report and Recommendations which recommended the Petition be dismissed as barred by the statute of limitations (ECF No. 4). Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 8).

Reed was convicted of murder and tampering with evidence in November 2002. The Report calculated that his conviction was final on direct appeal on the last day he could have appealed to the Ohio Supreme Court from denial of his Application to Reopen the direct appeal under Ohio R.App.P. 26(B) which was April 19, 2004. "If the statute began to run that day, Reed did not make any other filing that would toll the statute and it expired April 20, 2005, fifteen years before he filed his Petition in this Court." (Report, ECF No. 4, PageID 43.)

Reed did not state in his Petition any basis on which the statute would not have run in April 2005. In fact, he left the "timeliness" portion of the standard form blank, as the Report notes

1

(Petition, ECF No. 3, PageID 36-37).  He claims in his Objections, however, that he has newly-discovered evidence that clearly establishes his actual innocence and he relies on the actual innocence exception to the statute of limitations recognized by the Supreme Court in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

**Litigation History**

The history of Reed's state court litigation is recounted by Judge Jeffrey Froelich of the Ohio Second District Court of Appeals in a decision to which Reed refers this Court, *State v. Reed*, 2019-Ohio-3295 (Ohio App. 2nd Dist. Aug. 16, 2019)(*Reed IV*), appellate jurisdiction declined, 2020-Ohio 313.  Reed was convicted in November 2002 in the Common Pleas Court of Montgomery County and appealed.  His conviction was affirmed.  *State v. Reed,* 155 Ohio App.3d 435, 2003-Ohio-6536 (2d Dist.) (*Reed I*).

In August 2008, Reed filed a pro se motion to vacate his convictions. The basis for his motion was that the indictment failed to include the *mens rea* for his offenses. The trial court denied the motion. Reed appealed, but the appeal was later dismissed due to his failure to timely file a brief. *State v. Reed*, 2d Dist. Montgomery No. 23802 (Sept. 8, 2010) (*Reed II*).  In May 2014, Reed, pro se, filed a motion for leave to file a delayed motion for a new trial, claiming that another individual, Patron Steele, committed the murder and that several State's witnesses (Michael Shoemaker, Stacy Young, and Peter Holloway) lied when they testified that they did not receive any consideration or leniency from the State in exchange for their testimony. Reed withdrew the motion, with the court's consent, in July 2014.

On October 7, 2014, Reed filed a pro se motion for leave to file a motion for a new trial,

alleging misconduct by the prosecutor and two of the State's witnesses, Shoemaker and Holloway. Reed argued that Shoemaker and Holloway received leniency and the dismissal of charges in exchange for their testimony at Reed's trial, but that both witnesses testified — and the prosecutor argued to the trial court — that neither man received any promises from the State. Reed asserted that he was prejudiced by Shoemaker's and Holloway's "false and perjured" testimony, which the prosecutor failed to correct. Reed further claimed that he was unavoidably prevented from filing a timely motion due to ineffective assistance of trial counsel and the prohibition on hybrid representation.  The trial court found Reed had not proved he was unable to discover this evidence within the time allowed for filing a motion for new trial under Ohio R. Crim.P.33, that the witnesses had not testified falsely, and that the motion was precluded by *res judicata*.  The Second District affirmed.  *State v. Reed*, 2015-Ohio-3051 (Ohio App. 2nd Dist. 2015) (*Reed III*).

On November 28, 2018, Reed filed another motion for leave to file a delayed motion for a new trial which he refers to in his Petition here as his "fifth petition" (Petition, ECF No. 3, PageID 28). Reed claimed that he had newly discovered evidence consisting of plea agreements and other documents from the Miami County cases concerning the State's witnesses in this case; Reed provided an affidavit and 27 exhibits to support his motion. Reed asserted in his motion that he was unavoidably prevented from discovering his new evidence, because the State withheld the alleged exculpatory evidence and disavowed its existence.  The trial court denied the motion, finding no proof of inability to discover the evidence earlier, and the Second District affirmed. *Reed IV*.

Reed filed yet another motion for leave to file a delayed motion for new trial March 21, 2019, which the trial court overruled on May 23, 2019.  Reed appealed that ruling in Second District Case No. 28442 which had not been decided when *Reed IV* was decided. Reed mentions

3

this motion in his Petition as still pending on appeal (ECF No. 3, PageID 35).

## Analysis

In *McQuiggin*, the Supreme Court held:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup [v. Delo]* actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is

4

> whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

In addition to the *McQuiggin* actual innocence exception to the statute of limitations, 28 U.S.C. § 2244(d)(1)(B) and (D) provide alternative starting dates for the running of the statute of limitations: (B) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" and (D) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Although he does not recite what evidence he has that shows his actual innocence or that is newly-discovered, he states

> Reed's habeas petition shows, on its face, that the newly discovered evidence recently adjudicated by the Ohio Second District Court of Appeals as of August 16, 2019 (See *State v. Reed*, 2019-0hio-3295, 2019 Ohio App. LEXIS 3376, 2nd Dist. CA No. 28272), and thereby timely appealed to the Ohio Supreme Court as of February 4, 2020 (See *State v. Reed*, 2020-Ohio-313, 138 N.E.2d 1172), is that concerning governmental interference that rendered AEDPA procedural compliance an impossibility. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

(Objections, ECF No. 7, PageID 51.)

Judge Froelich's opinion recites at length the allegedly newly-discovered evidence which Reed presented to the Common Pleas Court. *Reed IV* at ¶ 53. The Court of Appeals concluded:

> [*P38] Upon review of the alleged newly discovered exhibits and the trial transcript, we find no support for Reed's assertion that the State withheld exculpatory evidence or that Reed was otherwise unavoidably prevented from discovering the evidence upon which he relies. Reed was aware of the Miami County case against him and his six co-defendants, and the record in this case indicates that Reed's defense counsel made the prosecution in this case aware of potential discovery from the Miami County case against Reed. Moreover, the plea agreements and the documents from the cases against Reed's Miami County co-defendants were dated in 2001 or 2002, prior to Reed's murder trial in Montgomery County. (Reed's murder trial was held in November 2002.) Some of the exhibits, such as Exhibits X and Z, were attached to Reed's May 2014 motion for leave to file a delayed motion for a new trial. Although Reed claims that the documents from his co-defendants' cases are newly discovered (see Exhibit A), we find nothing to indicate that he was unavoidably prevented from discovering the documents in a timely fashion.

*Reed IV*.

28 U.S.C. § 2254(e)(1) provides

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The finding of the Second District Court of Appeals that Reed was not unavoidably prevented from discovering the evidence on which he now relies is plainly a finding of fact and Reed has offered no evidence to rebut it. Accepting that unrebutted finding of fact, this Court should apply it to determine that Reed does not qualify for either alternative starting date for the statute provided in §2244(d)(1)(B) or (D).

Moreover, none of the evidence relied on by Reed to show actual innocence is of the type

6

or quality required for such a showing by *Souter* or *Schlup*. That is, it is not new scientific or physical evidence or a new trustworthy eyewitness account. Instead, it consists of material which he claims the State should have disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963). useable for impeachment of the witnesses against him[1].

Because he has not presented new evidence of actual innocence or clear and convincing evidence to rebut the Second District's finding he was not unavoidably prevented from timely presenting his new evidence, the Court should overrule his Objections as to these two bases.

Reed presents another objection to dismissing the case at this initial stage:

> Moreover, the United States Supreme Court, as well as the Sixth Circuit United States Court of Appeals, is long settled that "an answer should be required in every habeas proceeding, taking into account the usual petitioner's lack of legal expertise and the important functions served by the return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

(Objections, ECF No. 7, PageID 52.) Reed misunderstand Allen. In that case, the Sixth Circuit expressly criticized the practice of automatically ordering an answer in habeas cases:

> The District Court from which the present appeal is taken has made it a practice to issue a show cause order immediately upon the filing of a petition for writ of habeas corpus. In the present case the show cause order was issued the same day the petition was filed. Except for this procedure this Court would not be faced with some of the troublesome issues presented on this appeal. We disapprove the practice of issuing a show cause order until after the District Court first has made a careful examination of the petition.

424 F.2d at 140. After Allen was decided, the Supreme Court codified the obligation to conduct an initial review by adopting the Rules Governing § 2254 Cases which provides for initial screening in Rule 4.

---

[1] The Second District also decided in *Reed IV* that this material did not qualify under *Brady*. If this Court reached the merits of Reed's claims, that decision would be reviewed deferentially under 28 U.S.C. § 2254(d)(1).

7

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends it be dismissed as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 4, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.