IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RASHAAN O. REED,  :

    Petitioner,

v.  :  Case No. 3:20-cv-170

JAMES HAVILAND, Warden,
Allen/Oakwood Correctional
Institution,  :

    Respondent.

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #4) AND
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #9);
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##7,
10); DISMISSING WITH PREJUDICE PETITION UNDER 28 U.S.C.
§ 2254 FOR WRIT OF HABEAS CORPUS (DOC. #3); DENYING
CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN
FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF
RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by Magistrate Judge Michael R. Merz in his Report and Recommendations, Doc. #4, and Supplemental Report and Recommendations, Doc. #9, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings, and OVERRULES Petitioner's Objections thereto, Docs. ##7, 10.

Magistrate Judge Merz found that the Petition Under 28 U.S.C. § 2254 was time-barred, having been filed more than 15 years after the date Reed's conviction became final for purposes of 28 U.S.C. 2244(d)(1)(A).  Doc. #4.  Reed then

argued that his Petition is not time-barred because newly-discovered evidence establishes his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). That evidence consists of plea agreements allegedly showing that, contrary to their trial testimony, some of the State's witnesses received benefits for their cooperation, and that Patron Steele, another suspect in the murder, carried a particular type of gun.

The Court agrees with Magistrate Judge Merz that none of this evidence "is of the type or quality required" for a showing of actual innocence. Reed must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

As Magistrate Judge Merz explained, the evidence cited by Reed is not new scientific or physical evidence or a new trustworthy eyewitness account. It is merely evidence that could be used to impeach the witnesses that testified against him. Doc. #9, PageID##61-62. Reed maintains that, because there was no physical or forensic evidence linking him to the crime, the testimony of the State's witnesses was crucial to his conviction. He therefore argues that any evidence that undermined their credibility concerning his alleged admission would have been sufficient to establish his actual innocence.

The Court disagrees. "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). None of the evidence cited by Reed shows that he is factually innocent of the crime for

2

which he was convicted. Moreover, under the circumstances presented here, Reed is not entitled to an evidentiary hearing to further develop the record to establish his claim of actual innocence.

In the alternative, Reed argues that the State withheld this allegedly exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and, because he did not discover this until September of 2018, his Petition may be considered timely under 28 U.S.C. § 2244(d)(1)(B) or (D). Those subsections provide that AEDPA's one-year statute of limitations does not begin to run until "the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," 28 U.S.C. § 2244(d)(1)(B), or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 244(d)(1)(D).

However, Magistrate Judge Merz correctly noted that, in affirming the trial court's decision denying Reed's motion for leave to file a delayed motion for a new trial on the same grounds, the Second District Court of Appeals held that there was no support for a finding that the State withheld exculpatory evidence or that Reed was unavoidably prevented from discovering the evidence on which he relies. *State v. Reed*, 2019-Ohio-3295, 2019 WL 3852595, at ¶38. The Court agrees with Magistrate Judge Merz that Reed has failed to rebut this factual finding by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #3, as time-barred.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: June 23, 2020                     *Walter H. Rice* (tp - per Judge Rice authorization after his review)
                                        WALTER H. RICE
                                        UNITED STATES DISTRICT JUDGE