# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RASHAAN O. REED,

        Petitioner,    :    Case No. 3:20-cv-170

  - vs -        District Judge Walter H. Rice
                    Magistrate Judge Michael R. Merz

JAMES HAVILAND, Warden,
  Allen/Oakwood Correctional Institution,

                        :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO RECONSIDER

This habeas corpus action, brought *pro se* by Petitioner Rashaan Reed, is before the Court on Petitioner's post-judgment motion labeled "Application for Certificate of Appealability and Motion to Proceed *in forma pauperis* (ECF No. 13) which was filed at the same time as Petitioner's Notice of Appeal (ECF No. 14).

In adopting the Magistrate Judge's Report and Recommendations (ECF No. 4) and Supplemental Report and Recommendations (ECF No. 9), District Judge Rice already ruled on the certificate of appealability issue, as a district court is required to do when entering final judgment adverse to the petitioner in a habeas corpus case under Rule 11 of the Rules Governing § 2254 Cases. (ECF No. 11). In the same Decision, he also found that any appeal would be objectively frivolous and certified that finding to the Sixth Circuit. *Id.*

Ordinarily when habeas petitioners file *pro forma* applications for certificates of appealability and for leave to appeal *in forma pauperis* after entry of a judgment that addresses

1

those two questions, this Court will treat the *pro forma* motions as moot. However, Petitioner Reed's Motion is not *pro forma* at all. Instead, he argues these two points at length, acknowledges that the Court has already considered them, but expressly asks for reconsideration (ECF No. 13, PageID 77).

Judgment was entered in this case on June 24, 2020. The Court has jurisdiction to consider a motion to amend the judgment under Fed.R.Civ.P. 59(e) so long as it is filed within twenty-eight days of judgment, which the instant Motion was. Districts courts are instructed to construe *pro se* pleading liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Magistrate Judge accordingly construes the instant motion as being made under Fed.R.Civ.P. 59(e); the effectiveness of the Notice of Appeal will be postponed until the instant Motion is finally decided by Judge Rice. As a post-judgment motion, it is referred to the undersigned for report and recommendations under 28 U.S.C. § 636(b)(3).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v.*

2

*Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

Reed summarizes his entitlement to a certificate of appealability as follows:

> [R]easonable iurist[s] will aqree that the issues presented hy Reed are adequate to deserve encouragement to proceed further. *Miller-El v. Crockrell* [sic] 537 U. S. 322, 327 (2003); *Slack v McDaniel*, 520 U .S. 437 (2000). Moreover, a COA should be issued where Reed has made a substatial [sic] showing of the denial of his Sixth and Fourteenth Amendment constitutional right to discovery of that material exculpatory and impeachment evidence in support of his claims he was denied a fair trial , and support his factual actual innocence. 28 U.S.C. §2253(c)(2).

(Motion, ECF No. 13, PageID 77). This case law is, of course, well known to this Court and was applied in deciding that a certificate of appealability should not issue, although no extended analysis was given.

The initial Report and Recommendations concluded that Reed's Petition was barred by the statute of limitations, 28 U.S.C. § 2244(d), in that it had been filed fifteen years too late (Report,

3

ECF No. 4, PageID 43).  Reed objected that the evidence on which he relied was newly-discovered and showed his actual innocence, excusing his late filing under *McQuiggin v. Perkins*, 569 U.S. 383 (2013). (ECF No. 7).  In a Supplemental Report, the Magistrate Judge found that Reed had not shown the evidence was newly-discovered or could not have been discovered much earlier (ECF No. 9, PageID 61, relying on *State v. Reed*, 2019-Ohio-3295 (Ohio App. 2nd Dist. Aug. 16, 2019)(Froelich, J.)("*Reed IV*")  The Magistrate Judge also found it was not the type of evidence of actual innocence that qualified to overcome a limitations defense under *McQuiggin*. *Id.*  Reed objected, but District Judge Rice concluded this Court should defer to the factual findings of the Second District Court of Appeals on the *Brady* issue and agreed the new evidence did not prove actual evidence as required by *McQuiggin* (Decision, ECF No. 11).  Furthermore he found these conclusions would not be debatable among reasonable jurists and thus denied a certificate of appealability and certified any appeal would be objectively frivolous. *Id.*

Reed's Motion, which is extensive, essentially asserts it would be debatable among jurists of reason whether this Court should defer to the Second District Court of Appeal's decision in *Reed IV*. There are two critical holdings in that case to which this Court has deferred.

First, the Second District found the record did not support Reed's claim "that he was unavoidably prevented from discovering the documents [on which he relied for a new trial] in a timely fashion." *Reed IV* at ¶ 38.  That is a finding of fact.  To overcome it, Reed was obliged to show it was in error by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Moreover, he was bound to do so by pointing to facts that were before the state courts. *Cullen v. Pinholster*, 563 U.S. 170 (2011).  He has not done so.  In fact in his instant Motion he claims  "[p]rima facie evidence exists showing 15 years after his murder conviction, Reed's father (Gayle E. Reed) employed attorney Gayle Miller, esq , and Dominique Reynolds, to request and obtain records from a RICO drug conspiracy case OOCR 44A-G out of Miami County that prosecutors "disputed"

4

was jointly investigated with this murder case in Montgomery County." (ECF No. 13, PageID 84). It bears emphasizing that Reed's motion for new trial which resulted in *Reed IV* was then[1] the most recent of a series of such motions, the history of which Judge Froelich recounts. Even if the quoted facts are accepted as true, how does waiting for fifteen years to attempt to obtain what one argues is dispositive evidence count as due diligence? In what case has some reasonable jurist found that amount of delay would show diligence, when Ohio law requires new evidence to be presented within 120 days of the verdict?

Second, Reed claims the Second District's decision that the material he presented did not constitute *Brady* material is a mixed question of law and fact on which reasonable jurists would disagree. The Magistrate Judge agrees this is a mixed question of law and fact. But Reed presents no persuasive evidence that the Second District's conclusion is clearly and convincingly wrong as to the facts or an unreasonable application of *Brady* as to the law. As the Second District found, the material facts from the Miami County case were known to Reed's counsel at the time of trial. If Reed contends that there are now additional material facts, he does not explain why it took him fifteen years to look for them. Nor has he shown how they would materially have assisted his counsel's cross-examination.

Reed also relies in his Motion on the proposition that he is entitled to an evidentiary hearing under *Townsend v. Sain*, 372 U.S. 293 (1963). The factors enumerated by the Supreme Court for granting an evidentiary hearing in habeas were later embodied by Congress in 28 U.S.C. § 2254(d). But that version of the statute was completely supplanted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Our ability to hold hearings even after AEDPA has further been severely restricted by *Pinholster*. In that light,

---

[1] *Reed IV* mentions a subsequent motion for new trial, an appeal from the denial of which the Second District declined to consolidate with the case then before it. *Id.* at ¶ 25.

reasonable jurists would not disagree with this Court's denial of an evidentiary hearing, which we did implicitly by dismissing this case at the Rule 4 screening stage.

As the Sixth Circuit has recently emphasized, issuance of a certificate of appealability is not to be a routine matter.

> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Moody v. United States,* 958 F.3d 485 (6th Cir. 2020). In this case, the state courts have repeatedly considered and rejected, in well-considered opinions, Reed's quest for a new trial. This Court reasonably deferred to the last of those state court decisions. Reasonable jurists would not disagree with this conclusion.

Petitioner's instant Motion, construed as being made under Fed.R.Civ.P. 59(e), should be denied.

July 12, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.