IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RASHAAN O. REED,

        Petitioner,     :    Case No. 3:20-cv-170

  - vs -                    District Judge Walter H. Rice
                            Magistrate Judge Michael R. Merz

JAMES HAVILAND, Warden,
  Allen/Oakwood Correctional Institution,

                                 :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND THE JUDGMENT

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 27) to the Magistrate Judge's Report and Recommendations (ECF No. 15) that Petitioner's post-judgment motion labeled "Application for Certificate of Appealability and Motion to Proceed *in forma pauperis*" (ECF No. 13) should be denied.  District Judge Rice has recommitted the matter for reconsideration in light of the Objections (ECF No. 28).

**Litigation History**

Petitioner Rashaan Reed filed this habeas corpus action *pro se* by depositing it in the prison mail system on April 17, 2020 (Petition, ECF No. 1, PageID 20).  It was referred to the undersigned pursuant to General Order Day 13-01.  Reed seeks relief from a murder conviction in 2002 in the Common Pleas Court of Montgomery County, Ohio.  His Petition was reviewed under Rule 4 of

1

the Rules Governing § 2254 Cases and found by the undersigned to be untimely on the following facts.

Reed was convicted in November 2002 and appealed to the Ohio Court of Appeals which affirmed his conviction November 26, 2003. *State v. Reed*, 155 Ohio App. 3d 535 (2003). Reed did not appeal to the Supreme Court of Ohio, so his conviction became final on direct appeal forty-five days after the Second District decision, or on January 10, 2004. The running of the statute was tolled, however, by Reed's Ohio App. R. 26(B) Application which was not denied until March 5, 2004. 28 U.S.C. § 2244(d). The Petition does not show that Reed appealed the 26(B) decision to the Supreme Court of Ohio. The Magistrate Judge's initial Report and Recommendations on initial review found that Reed's time to appeal to the Supreme Court of Ohio expired April 19, 2004, and he filed no other action seeking relief before the statute ran one year later on April 20, 2005 (Report 1, ECF No. 4, PageID 43).

Reed objected that he had newly-discovered evidence of his actual innocence and the Ohio Court of Appeals for the Second District's consideration of that evidence on the merits re-set the statute of limitations (ECF No. 7, citing *State v. Reed*, 2019-Ohio-3295 (Ohio App. 2d Dist. Aug. 16, 2019 )). Judge Rice recommitted the case and the Magistrate Judge adhered to his original recommendation in a Supplemental Report and Recommendations (Report 2, ECF No. 9). Reed objected (ECF No. 10), but Judge Rice adopted Reports 1 and 2, dismissed the Petition with prejudice as time-barred, and denied a certificate of appealability (ECF Nos. 11 and 12).

Reed then filed what he captioned "Application for Certificate of Appealability and Motion to Proceed *in forma pauperis*" (ECF No. 13). Judge Rice had already denied both forms of relief, but the Motion was filed within the twenty-eight days allowed for a motion to amend the judgment. Because, as a *pro se* litigant, Reed was entitled to a liberal construction of his pleadings, the Magistrate Judge treated the "Application" as a motion to amend the judgment under Fed.R.Civ.P. 59(e), but

2

recommended denying it (Report 3, ECF No. 15).  Report 3 states the governing standard for a Rule 59(e) motion as follows:

> Motions to alter or amend judgment may be granted if there is a clear error of law, see *Sault Ste. Marie Tribe,* 146 F.3d at 374, newly discovered evidence, see id., an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local* 217, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

(Report 3, ECF No. 15, PageID 93-94, quoting *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

Reed has now acquired counsel.  It is they who have filed Objections to Report 3 on his behalf.

## Analysis

Petitioner's Objections include evidence that there have been relevant state court proceedings which were not disclosed by Reed when he was proceeding *pro se* and which may or may not have an impact on the statute of limitations.  Counsel also note that it was necessary for the Magistrate Judge to go beyond the Petition to conduct the Rule 4 evaluation by examining Second District Court of Appeals decisions in Reed's case.  While the Magistrate Judge believes it is completely proper to consult the public opinions of Ohio Courts of Appeals in making Rule 4 determinations, it appears there may be more of such opinions than the Court was aware of.  The

more prudent course is to vacate the judgment and order the State to file an answer and the full state court record. In that way the Court may be assured the Petition has been adjudicated on a complete record and it will have the benefit of adversary presentation on all the issues in the case, including the statute of limitations.

Accordingly, it is respectfully recommended that the Motion be GRANTED and the judgment vacated. The case will remain referred to the Magistrate Judge who will then order the State to make an answer under Rule 5 of the Rules Governing § 2254 Cases.

October 28, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.