# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RASHAAN O. REED,

        Petitioner,    :    Case No. 3:20-cv-170

  - vs -                        District Judge Walter H. Rice
                                Magistrate Judge Michael R. Merz

JAMES HAVILAND, Warden,
  Allen/Oakwood Correctional Institution,

                               :

        Respondent.

## ORDER

This habeas case is before the Magistrate Judge after District Judge Rice vacated the judgment previously entered in the case (ECF No. 34).

Because the Court has vacated the judgment from which Petitioner appealed, this Court's jurisdiction should no longer be impeded by that appeal.  Petitioner's counsel shall promptly notify the Sixth Circuit that the underlying judgment has been vacated and file, if necessary, a withdrawal of the appeal in Case Number 20-3750.  The Clerk shall promptly notify the Sixth Circuit Case Manager Jill E. Colyer (513-564-7024) that the pending motions have been resolved (See ECF Nos. 16 & 17).

The Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not later than January 16, 2021, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases.  Specifically, said answer shall respond to each allegation made in the Petition, comply with Rule 5(c) regarding transcripts, raise

1

any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

This Order does not authorize a motion to dismiss in lieu of an answer. If Respondent wishes to obtain an adjudication of an affirmative defense apart from a decision on the merits, Respondent may file a motion for judgment on the pleadings after the answer is filed.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. The Court's CM/ECF Procedures Guide provides:

> 1.1 Unless permitted by these procedures or otherwise authorized by the assigned Judicial Officer or other rule, all documents submitted for filing in this District shall be electronically filed using the Case Management/Electronic Case Filing system ("CM/ECF") by converting each document into a searchable text PDF document and uploading it into CM/ECF.

(June, 2019, revision; available at www.ohsd.uscourts.gov.) Compliance with this rule is mandatory and needed for the Court's use of the record.

When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references in the form required by S. D. Ohio Civ. R. 7.2(b)(5)[1]. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF

---

[1] (5) **Pinpoint Citations.** Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), a**ll filings in this Court that reference a prior filing must** provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced. Because of changes to the Court's electronic filing system on November 23, 2020, this requirement will be strictly enforced.

system which display each exhibit and the name of that exhibit in the record.

As required by Fed.R.Civ.P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

Petitioner may, not later than twenty-one days after filing of the answer, file and serve a reply to the answer.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

Petitioner has presently pending a motion for delayed direct appeal in the Supreme Court of Ohio and a Motion in this Court for a stay of these proceedings pending decision of his motion for delayed direct appeal (ECF No. 30).  That Motion is GRANTED IN PART AND DENIED IN PART.  The Magistrate Judge believes it is important that Respondent and the Ohio Attorney General who represents Respondent be apprised of the pendency of this action and prepare and file a complete State Court Record.  The Motion for Stay is granted in that Petitioner's counsel need not do anything further until the record is filed.  If practice in the Supreme Court of Ohio is not completed by the time the State Court Record is filed, Petitioner may apply for a further stay.  Petitioner's counsel shall promptly advise this Court of developments in the Supreme Court of Ohio.

November 17, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge